( .

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000023
25-JUN-2013
08:04 AM**

NO. CAAP-11-0000023

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
ALAN LEE, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(North and South Hilo Division)
(CASE NO. 3P209-01431)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)

Plaintiff-Appellant State of Hawaiʻi (State) appeals from the order granting Defendant-Appellee Alan Lee's motion to dismiss the complaint, which is set forth in the "Findings of Fact and Conclusions of Law; Judgment" filed by the District Court of the Third Circuit (District Court)[1] on December 15, 2010. We affirm.

I.

The State charged Defendant-Appellee Alan Lee (Lee) by complaint with promoting a detrimental drug in the second degree for possessing marijuana. Lee moved to dismiss the complaint with prejudice on the ground that he satisfied the affirmative defense for the medical use of marijuana by qualifying patients. The parties agreed to have Lee's motion decided on stipulated facts, which included that while in possession of a valid medical

---

[1] The Honorable Barbara T. Takase presided.

marijuana license, Lee was arrested at the Hilo International Airport for possessing less than three ounces of marijuana found in his checked-in baggage for a flight to Honolulu. The State did not dispute that Lee possessed the marijuana for medical purposes. However, the State argued that under Hawaii Revised Statutes (HRS) § 329-122(c)(2) (2010) of Hawaiʻi's Medical Use of Marijuana law, HRS Chapter 329, Part IX, the affirmative defense did not apply to possession or transportation of marijuana in places open to the public, such as the Hilo International Airport.

The District Court granted Lee's motion to dismiss. In support of its decision, the District Court adopted the parties' stipulated facts as its findings of fact. The District Court concluded that the Medical Use of Marijuana law was ambiguous because it purported to allow a qualifying patient to acquire marijuana for medical purposes, yet also purported to prohibit the patient from transporting the medical marijuana in places open to the public. The District Court further concluded that in light of this ambiguity, the Medical Use of Marijuana law failed to provide fair notice of what was prohibited and was therefore "void for vagueness."

II.

On appeal, the State contends that the District Court erred (1) in concluding that the Medical Use of Marijuana law was ambiguous and void for vagueness and (2) in granting Lee's motion to dismiss on that basis. We conclude that the Hawaiʻi Supreme Court's recent opinion in State v. Woodhall, No. SCWC-11-0000097, 2013 WL 2383586 (Hawaiʻi May 31, 2013), controls our decision in this appeal. In Woodhall, the supreme court applied the rule of lenity to construe provisions of the Medical Use of Marijuana law, HRS §§ 329-121, -122, and -125 (2010), as providing an affirmative defense for Woodhall under facts very similar to Lee's case. Woodhall, No. SCWC-11-0000097, slip. op at 28-30, 2013 WL 2383586, at *12-13. Based on Woodhall, we conclude that

2

the District Court did not err in granting Lee's motion to dismiss his complaint.[2]

### III.

We affirm the District Court's order granting Lee's motion to dismiss the complaint, which is set forth in its December 15, 2010, "Findings of Fact and Conclusions of Law; Judgment."

DATED: Honolulu, Hawai'i, June 25, 2013.

On the briefs:

Andrew D. Son
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellant

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellee

Lois K. Perrin
Daniel M. Gluck
Laurie A. Temple
Amicus Curiae ACLU of Hawaii
    Foundation

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge

---

[2] Although under the supreme court's construction of HRS §§ 329-121, -122 and -125, the statutory provisions applicable to Lee's case are not void for vagueness, we may affirm a trial court's decision that is correct on a ground that is different from that relied upon by the trial court. See State v. Taniguchi, 72 Haw. 235, 240, 815 P.2d 24, 26 (1991).

3